UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by GMK D.C.
INTAKE
OCT 05 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

CASE NO.:

STEVEN GOMEZ,

    Plaintiff,

vs.

ANDY LOZANO and
RAYMOND CHAMBERS,

    Defendants.

_____/

09-22988

CIV-JORDAN

McALILEY

## COMPLAINT

The Plaintiff, STEVEN GOMEZ, by and through the undersigned attorney sues the Defendants, RAYMOND CHAMBERS and ANDY LOZANO, and alleges as follows:

1. That this is an action for damages in excess of $100,000.00 which exceeds the jurisdictional limits of this court.

2. That at all times material hereto the Plaintiff, STEVEN GOMEZ, was a resident of Miami-Dade County, Florida.

3. That at all times material hereto ANDY LOZANO was a resident of Miami Dade County, Florida and was a Miami Beach police officer employed by the City of Miami Beach, Florida.

4. That at all times material hereto RAYMOND CHAMBERS was a resident of Miami Dade County, Florida and was a Miami Beach police officer employed by the City of Miami Beach, Florida.

### JURISDICTION & VENUE

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 2 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 2 of 13

5. This is an action brought pursuant to 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all Defendants, upon information and belief, are residents of this District and all the acts or omissions which give rise to this cause of action occurred within this District.

## STATEMENT OF FACTS

8. On March 8, 2009, Plaintiff, STEVEN GOMEZ, was walking on the beach, at or near the 8th street entrance to Miami Beach in the City of Miami Beach, Florida. While walking on the beach, STEVEN GOMEZ was approached and detained by RAYMOND CHAMBERS, an officer employed by the City of Miami Beach, Florida.

9. ANDY LOZANO approached the scene just after Officer RAYMOND CHAMBERS commanded and forced STEVEN GOMEZ to the ground. ANDY LOZANO then proceeded to assist officer RAYMOND CHAMBERS in his efforts to detain STEVEN GOMEZ.

10. ANDY LOZANO subsequently applied excessive and unnecessary force against STEVEN GOMEZ, without provocation.

11. While STEVEN GOMEZ lay face down on the ground, Officer ANDY LOZANO used excessive force by sitting on STEVEN GOMEZ's head,

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 3 of 14

GOMEZ vs. LOZANO, et. al.
Page 3 of 13

forcing his face into the sand.

12. Without provocation, ANDY LOZANO continued to use excessive force by punching STEVEN GOMEZ in the eye, ribs and mouth, resulting in a fractured eye socket, loss of teeth and other serious injuries.

13. Following the beating of STEVEN GOMEZ, ANDY LOZANO placed STEVEN GOMEZ under arrest. STEVEN GOMEZ was then transported to Jackson Memorial Hospital in Miami, Florida due to his extensive injuries.

14. At all times relevant hereto and at the time of the March 8, 2009 incident complained of, ANDY LOZANO, was acting outside the reasonable course and scope of his employment with the City of Miami Beach, Florida, where ANDY LOZANO's wrongful conduct and actions were in wanton and willful disregard of STEVEN GOMEZ's human and civil rights, and property.

**COUNT I**
**CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983, FOR UNLAWFUL SEIZURE, FALSE ARREST AND IMPRISONMENT, AGAINST DEFENDANT LOZANO, INDIVIDUALLY**

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

15. That Defendant, ANDY LOZANO, was acting under the color of law as a police officer for the Miami Beach Police Department, when he unlawfully seized Plaintiff, STEVEN GOMEZ, while Plaintiff was walking down Miami Beach.

16. That from the time Defendant, ANDY LOZANO approached STEVEN GOMEZ on the beach, to the time he released STEVEN GOMEZ from jail,

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 4 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 4 of 13

ANDY LOZANO forcefully and unlawfully restrained Plaintiff against his will and under the threat of force.

17. That Defendant, ANDY LOZANO, without probable cause or adequate provocation, physically restrained, handcuffed, transported, and placed Plaintiff, STEVEN GOMEZ, in detention, constituting an unlawful seizure.

18. That Defendant, ANDY LOZANO did not arrest Plaintiff on the basis of reasonably trustworthy information that would cause a prudent person to believe, under the circumstances, that Plaintiff had committed an offense.

19. That Defendant, ANDY LOZANO could not have reasonably believed that probable cause existed in light of the information he possessed.

20. That all of the charges Defendant, ANDY LOZANO brought against Plaintiff were subsequently dropped.

21. That the conduct of Defendant, ANDY LOZANO, violated Plaintiff, STEVEN GOMEZ'S clearly established right to be free from unreasonable seizure of his person, as guaranteed by the Fourth and Fourteenth Amendment.

22. That the Plaintiff, STEVEN GOMEZ is thereby entitled to damages under the United States Constitution, 42 U.S.C. Sections 1983.

23. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and attorneys fees. The

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 5 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 5 of 13

losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, ANDY LOZANO, and a trial by jury of all issues triable as a right by a jury.

## COUNT II
## STATE TORT OF UNLAWFUL SEIZURE FALSE ARREST AND IMPRISONMENT AGAINST DEFENDANT, LOZANO

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

24. That all times material hereto, Defendant, ANDY LOZANO was acting within the course and scope of his employment

25. That at said time and place the Defendant, ANDY LOZANO intentionally detained and confined Plaintiff, STEVEN GOMEZ, by handcuffing him, placing him under arrest and sending him to jail.

26. That Defendant, without probable cause or a valid arrest warrant, unlawfully and unreasonably deprived Plaintiff of his liberty and freedom of movement.

27. That Plaintiff, STEVEN GOMEZ was aware of the detention and confinement, and did not consent to it.

28. That all charges against Plaintiff were dismissed in his favor.

29. That Defendant, ANDY LOZANO was acting in bad faith, with malicious purpose and with wanton or willful disregard for human rights or safety.

30. That, as a direct and proximate cause of Defendant, ANDY LOZANO's

unlawful actions, Plaintiff STEVEN GOMEZ was injured in his Fourth, Fifth and Fourteenth Amendment rights to be free from false arrest.

31. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and attorneys fees. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, ANDY LOZANO, and a trial by jury of all issues triable as a right by a jury.

## COUNT III
## CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983, FOR UNLAWFUL SEIZURE, AGAINST DEFENDANT CHAMBERS, INDIVIDUALLY

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

32. That at said time and place the Defendant, RAYMOND CHAMBERS, was acting under the color of law as a police officer for the Miami Beach Police Department.

33. That Defendant, RAYMOND CHAMBERS, unlawfully and without probable cause seized and detained Plaintiff, STEVEN GOMEZ, while Plaintiff was walking down Miami Beach.

34. That the conduct of Defendant, RAYMOND CHAMBERS, violated Plaintiff,

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 7 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 7 of 13

STEVEN GOMEZ'S clearly established right to be free from unreasonable seizure of his person, as guaranteed by the Fourth and Fourteenth Amendment

35. That the Plaintiff, STEVEN GOMEZ is thereby entitled to damages under the United States Constitution, 42 U.S.C. Sections 1983.

36. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, RAYMOND CHAMBERS, and a trial by jury of all issues triable as a right by a jury.

### COUNT IV
### CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983, FOR EXCESSIVE FORCE, AGAINST DEFENDANT LOZANO, INDIVIDUALLY

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

37. That Defendant, ANDY LOZANO, while acting under the color of law as a police officer for the Miami Beach Police Department, detained Plaintiff, STEVEN GOMEZ, through use of excessive force.

38. That without legal cause or provocation, Defendant, ANDY LOZANO,

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 8 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 8 of 13

forcefully sat on Plaintiff's head, and punched him in the mouth, eye and ribs.

39. That Plaintiff did not pose a threat to the safety of the officers or others.

40. That Plaintiff was not attempting to evade arrest by flight.

41. That Defendant, ANDY LOZANO's use of force was not objectively reasonable

42. That Defendant, ANDY LOZANO, applied force that was disproportionate to the force necessary to detain and arrest Plaintiff, causing Plaintiff to experience great pain and resulting in serious injury.

43. That Defendant, ANDY LOZANO, violated Plaintiff's clearly established constitutional rights under the Fourth Amendment to be free from excessive force.

44. That the Plaintiff, STEVEN GOMEZ is thereby entitled to damages under the United States Constitution, 42 U.S.C. Sections 1983 .

45. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, ANDY LOZANO, and a trial by jury of all issues triable as a right

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 9 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 9 of 13

by a jury

## COUNT VI
### STATE TORT BATTERY CLAIM AGAINST DEFENDANT, LOZANO

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

46. That Defendant, ANDY LOZANO, was at all times herein acting under color of state law as a police officer.

47. That Defendant, ANDY LOZANO, intentionally battered, touched and beat Plaintiff, STEVEN GOMEZ, by forcefully sitting on his head, and punching him in the mouth, eye and ribs.

48. That Defendant, ANDY LOZANO, intended to forcefully punch Plaintiff, STEVEN GOMEZ, and further intended to cause Plaintiff fear, apprehension, and intimidation.

49. That Plaintiff, STEVEN GOMEZ, did not consent to the offensive contacts.

50. That as a result of such contacts, Plaintiff, STEVEN GOMEZ feared for his personal safety.

51. That Plaintiff committed no crime justifying the use of such force and that Defendant, ANDY LOZANO, independently should've known this.

52. That the actions of ANDY LOZANO were undertaken with reckless disregard for the rights of Plaintiff, STEVEN GOMEZ.

53. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 10 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 10 of 13

of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, ANDY LOZANO, and a trial by jury of all issues triable as a right by a jury.

## COUNT VII
## STATE TORT ASSAULT CLAIM AGAINST DEFENDANT, LOZANO

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

54. That Defendant, ANDY LOZANO, was acting under the color of law as a police officer for the Miami Beach Police Department, when he unlawfully seized Plaintiff, STEVEN GOMEZ, while Plaintiff was walking down Miami Beach.

55. That Defendant, ANDY LOZANO, assaulted Plaintiff, STEVEN GOMEZ, by intentionally placing plaintiff in apprehension of immediate battery.

56. That Defendant approached Plaintiff while Plaintiff was detained by other officers and repeatedly committed overt acts of threat and force by raising his fist several times in an attempt to strike Plaintiff in the ribs and face.

57. That Defendant, ANDY LOZANO, intended to incite fear in Plaintiff, STEVEN GOMEZ, and further intended to cause Plaintiff both apprehension, and intimidation.

58. That Plaintiff, STEVEN GOMEZ, did not consent to the overt acts of threat and intimidation by Defendant.

Case 1:09-cv-22988-WJZ Document 1 Entered on FLSD Docket 10/05/2009 Page 11 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 11 of 13

59. That as a result of such contacts, Plaintiff, STEVEN GOMEZ feared for his personal safety.

60. That Plaintiff committed no crime justifying the use of such force and that the Defendant should've known this.

61. That the actions of Defendant, ANDY LOZANO, were undertaken with reckless disregard for the rights of Plaintiff.

62. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, ANDY LOZANO, and a trial by jury of all issues triable as a right by a jury.

**COUNT VIII**
**CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983, FOR FAILURE TO INTERVENE, AGAINST DEFENDANT CHAMBERS, INDIVIDUALLY**

The Plaintiff reaffirms and realleges each and every allegation contained in paragraphs one (1) through fourteen (14) as if fully set forth herein.

63. That at said time and place, Defendant, RAYMOND CHAMBERS, witnessed the detention and arrest of Plaintiff, and took no action to prevent the arrest. Instead, Defendant RAYMOND CHAMBERS turned

Case 1:09-cv-22988-WJZ  Document 1  Entered on FLSD Docket 10/05/2009  Page 12 of 14

*GOMEZ vs. LOZANO, et. al.*
Page 12 of 13

his back to the Plaintiff and faced the surrounding crowd while Plaintiff was being forcefully detained, beaten and arrested in violation of Plaintiff's constitutionally guaranteed rights.

64. That Defendant, RAYMOND CHAMBERS failed to take adequate measures to prevent the unlawful arrest of Plaintiff, which occurred in his presence.

65. That Defendant RAYMOND CHAMBERS had a clearly established duty to intervene and to take reasonable steps to protect Plaintiff from Defendant, ANDY LOZANO.

66. That Defendant RAYMOND CHAMBERS had the opportunity to intervene.

67. That Defendant RAYMOND CHAMBERS failed to object verbally to Defendant, ANDY LOZANO's treatment of Plaintiff, and ignored Plaintiff's cries for help.

68. That Defendant, RAYMOND CHAMBERS's failure and refusal to intervene was a violation of Plaintiff's clearly established constitutionally rights under the Fourth Amendment

69. That as a result thereof the Plaintiff, STEVEN GOMEZ, suffered bodily injury and resulting pain and suffering, disability, a total disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and Plaintiffs will suffer the losses in

Case 1:09-cv-22988-WJZ   Document 1   Entered on FLSD Docket 10/05/2009   Page 13 of 14

GOMEZ vs. LOZANO, et. al.
Page 13 of 13

the future

**WHEREFORE**, Plaintiffs demand judgment for damages, attorney's fees and costs against the Defendant, RAYMOND CHAMBERS, and a trial by jury of all issues triable as a right by a jury.

**DATED** this 5th day of October, 2009.

JOHN B. OSTROW, PA
Counsel for Plaintiff
Courthouse Tower, Suite 1250
44 West Flagler Street
Miami, Florida 33130
Telephone. (305) 358-1496
Facsimile: (305) 371-7999

By: _____
JOHN B. OSTROW
Florida Bar Number: 124324
STEPHEN A. OSTROW
Florida Bar Number: 182338
MORGAN P. OSTROW
Florida Bar Number: Pending

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
STEVEN GOMEZ

**09-22988**

### DEFENDANTS
ANDY LOZANO and RAYMOND CHAMBERS

(b) County of Residence of First Listed Plaintiff  DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JOHN B. OSTROW, ESQ., JOHN B. OSTROW, PA, COURTHOUSE TOWER, 44 WEST FLAGLER STREET, SUITE 1250, MIAMI, FLORIDA 33130 (305) 358-1496

Attorneys (If Known)
UNKOWN

CIV-JORDAN / McALILEY

FILED by __ D.C.
INTAKE
OCT 0 5 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE ❏ MONROE ❏ BROWARD ❏ PALM BEACH ❏ MARTIN ❏ ST. LUCIE ❏ INDIAN RIVER ❏ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ❏ 1 U.S. Government Plaintiff
- ✓ 3 Federal Question (U.S. Government Not a Party)
- ❏ 2 U.S. Government Defendant
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

09cv22988 - JORDAN/McALILEY

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ■ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus-Alien Detainee | | |
| | ■ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | ❏ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)
- ✓ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Re-filed- (see VI below)
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ❏ YES ✓ NO    b) Related Cases ❏ YES ✓ NO
JUDGE                               DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ❏ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE October 5, 2009

FOR OFFICE USE ONLY
AMOUNT $350   RECEIPT # 1009347
10/05/09