UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22988-CIV-JORDAN/MCALILEY

STEVEN GOMEZ,

    Plaintiff,

v.

ANDY LOZANO, RAYMOND
CHAMBERS, and JULIO BLANCO,

    Defendants.
_____/

## ORDER ON MOTION FOR INDEPENDENT MEDICAL EXAMINATION

Plaintiff has brought various state and federal claims against Defendants arising from his arrest on Miami Beach on March 8, 2009. [DE 70]. Plaintiff alleges that Defendants Lozano, and Blanco, all City of Miami Beach police officers, used excessive force when improperly arresting him, resulting in significant physical injuries and mental anguish. [DE 70, ¶ 14 ]. Specifically, Plaintiff alleges he suffered loss of teeth, a fractured eye socket and other serious injuries, as well as mental anguish and loss of capacity for enjoyment of life, and that these losses are permanent or continuing in nature. [*Id.* at ¶¶ 17-19, 120].

Defendants, Andy Lozano, Raymond Chambers, and Julio Blanco, moved to compel Plaintiff to undergo a physical examination and a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure, on the ground that he has placed both his physical and mental conditions at issue in this case. [DE 88]. On November 29, 2010, I issued a summary order that advised the parties that I granted Defendants' Motion for Independent

Medical Examinations of Steven Gomez by Qualified Medical Experts, and that this full written order would follow. [DE 97].

**I.     Analysis**

Rule 35 provides, in relevant part:

(a) Order for an Examination.

> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

> (2) Motion and Notice; Contents of the Order. The order:

>> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

>> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35. Defendants claim that Plaintiff has placed his physical and mental condition in controversy, and thus, good cause exists for both a physical and mental examination.

**A.     Plaintiff's general objections**

Plaintiff generally objects to Defendants' choice of doctors, stating the doctors cannot be independent if they were selected by Defendants; thus, Plaintiff asks the Court to select the examiners. [DE 92, ¶ 2]. While Plaintiff is correct that Rule 35 does not grant

Defendants the absolute right to choose the medical examiner, Plaintiff has provided no grounds for the Court to disallow Defendants' choice of examiners, other than the fact that Defendants selected them.  Plaintiff may, of course, choose to be examined by experts of his own choice.  The Court declines to substitute other examiners for those selected by Defendants.

### B. Medical examination

Plaintiff does not dispute that his physical condition is plainly in controversy.  Indeed, in his responses to interrogatories, Plaintiff details extensive physical injuries he contends resulted from Defendants' actions, including the possibility of blindness in one eye, and indicates that his medical treatment is ongoing.  [DE 88-1, pp. 3-4].  Plaintiff argues that his injuries are adequately documented in the medical records he has produced in discovery, and therefore Defendants cannot show good cause for an IME.  [DE 92, p. 2].  Defendants counter that requiring them to rely solely on reports of Plaintiff's treating physicians severely limits their ability to challenge Plaintiff's claims of injury.  [DE 96, p. 2].

I am persuaded that Defendants have established good cause for a physical examination pursuant to Rule 35.  Plaintiff has placed his physical condition squarely at issue, alleging significant physical injuries; injuries that he has documented with reports from his physicians.  To be able to meaningfully evaluate, and possibly challenge, these reports, Defendants are entitled to have a physician make an independent evaluation of Plaintiff's alleged injuries.

### C. Mental examination

Courts considering the issue of whether to order a mental examination under Rule 35 have repeatedly held that where a plaintiff makes a simple claim of emotional distress, without more, that plaintiff has not placed his mental condition at issue. *See, e.g., Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 268 F.R.D. 398, 400 (M.D. Fla. 2010) ("[i]t is true, a plaintiff does not put his or her mental condition in controversy simply by seeking damages based on emotional distress"); *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, 167-68 (M.D. Fla. 1995) ("[The] plaintiff's 'mental condition' within the meaning of Rule 35 is not necessarily placed in controversy merely because plaintiff seeks recovery for 'emotional distress.' A person with no 'mental condition' may still suffer emotional distress which is compensable."); *Robinson v. Jacksonville Shipyards*, 118 F.R.D. 525, 531 (M.D. Fla. 1988) ("Plaintiff does not place her mental condition in controversy by alleging that her psychological well being . . . is seriously affected by defendant's behavior.").

However, where the plaintiff alleges more than a garden variety claim for emotional distress stemming from the defendant's conduct, courts will order a mental examination. *Laney v. Hosp. Bd. of Dirs.*, No. 2:09-CV-678-FtM-29SPC, 2010 WL 2540598, * 1, 3 (M.D. Fla. June 22, 2010) (examination ordered where plaintiff brought a claim of retaliatory termination against her employer and claimed that one year after the termination, she was still suffering from mental anguish, humiliation, and depression); *Ali*, 162 F.R.D. at 168 (mental examination ordered where the plaintiff claimed in answers to interrogatories that his

4

"'personal character and performance were severely and permanently damaged'; he 'lost his self esteem and was embarrassed to call on his former customers' and others; he and his wife and son suffered 'severe and permanent psychological damage'; his 'humiliation and embarrassment' 'created a great deal of anger and hatred within him' as well as family problems; he 'suffered extreme emotional distress'; [and] he 'has been very depressed and remains depressed.'")

Here, elaborating on his claim in the complaint for mental anguish, Plaintiff avers in his answer to Interrogatory No. 2 that he:

> has suffered from anxiety as a result of the brutal police attack he experienced. He is constantly concerned and anxious about the incident and becomes extremely upset and fearsome anytime he sees a police officer or police officer vehicle. Plaintiff has sought psychological treatment as result of this incident. Plaintiff has also suffered from anxiety related to his injuries. He is constantly self conscious and concerned over the possibility of future damage to his eye as a result of this injury as well as the appearance of implanted front teeth. Plaintiff is sometimes scared to leave his house and suffers from paranoia. Plaintiff was recommended by his psychologist to seek follow up treatment.

[DE 88-1, ¶ 2). This is well beyond a simple claim of emotional distress, and by making these assertions, Plaintiff has placed his mental condition at issue in this case.

Regarding the second prong of Rule 35, good cause, Defendants argue that by alleging a specific injury for which the Defendants might be liable, Plaintiff has opened the door for Defendants to properly evaluate that injury. [DE 88, p. 5]. In short, Defendants argue that a mental examination of Plaintiff is necessary for them to address Plaintiff's claims.

I agree that good cause exists for a psychiatric examination in this case. "The

testimony of an expert is a well recognized and reasonable way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by that expert is necessary for the expert to form a meaningful opinion." *Laney*, 2010 WL 2540598, at *3 (quoting *Ali*, 162 F.R.D. at 168).

## II.   Conclusion

Because Plaintiff has placed his physical and mental condition at issue, and seeks damages from Defendants for both his alleged physical injuries and emotional distress, Defendants are entitled to rebut those charges, and to do so by having Plaintiff examined by experts of their choice. Accordingly, I granted Defendants' Motion for Independent Medical Examination of Plaintiff, [DE 88].

DONE AND ORDERED in chambers in Miami, Florida, this 3rd day of December, 2010.

                                                                    /s/ Chris McAliley
                                                                    CHRIS MCALILEY
                                                                    UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Adalberto Jordan
counsel of record